[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12930
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cr-00272-RBD-GJK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

CHRISTOPHER STEWART,

Defendant-Appellant.

_____

No. 19-12980
Non-Argument Calendar

_____

D.C. Docket No.  6:18-cr-00272-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

WESLEY ANDERSON,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(November 17, 2020)

Before JORDAN, JILL PRYOR and BRANCH, Circuit Judges.

PER CURIAM:

Christopher Stewart and Wesley Anderson appeal their respective 57-month

and 84-month sentences. D.E. 36 at 10.  First, Mr. Anderson and Mr. Stewart argue

that the district court erred in calculating the loss amount by using the face value of

the counterfeit checks they deposited instead of the actual amount withdrawn from

the banks.  D.E. 21 at 10.  Second, Mr. Stewart argues that the district court clearly

erred in finding that he was not eligible for a minor role reduction. *Id*.  Finally, Mr.

Stewart contends that the district court clearly erred by considering his criminal

history as an aggravating factor when determining his sentence.  *Id*.  After review of

the parties' briefs and the record, we affirm.

**I**

We review for clear error a district court's amount-of-loss determination.  *See*

*United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003).  Under this

2

standard, we will not reverse unless we are left with a definite and firm conviction that the district court committed a mistake. *United States v. White*, 335 F.3d 1314, 1319 (11th Cir. 2003).

When a defendant's offense involves counterfeit checks, a district court does not clearly err when it uses the full face value of a check to calculate intended loss. *See United States v. Grant*, 431 F.3d 760, 765 (11th Cir. 2005) ("[W]e hold when an individual possesses a stolen check, or a photocopy of a stolen check, for the purpose of counterfeiting, the district court does not clearly err when it uses the full face value of that stolen check in making a reasonable calculation of the intended loss."). *See also United States v. Chukwura*, 5 F.3d 1420, 1425 (11th Cir. 1993) (holding that the district court did not clearly err by calculating the total loss as the aggregate amount of fraudulent checks, even though the defendant did not withdraw all the funds from the bank accounts, because the full value of the checks represented the "intended losses"). We explained in *Grant* that, "[a]lthough a district court cannot equate the full face value of stolen checks with intended loss as a matter of law in every case, it can still find a defendant intended to utilize the full face value of stolen checks." *Grant*, 431 F.3d at 765. "Where the Government presents evidence indicating the defendant intended to utilize the full face value of the checks, and the defendant fails to present countervailing evidence, a district court is especially justified in including the checks' full face value in its intended loss calculation." *Id.*

3

Here, the district court did not clearly err by calculating Mr. Stewart's and Mr. Anderson's intended loss amounts based on the full face value of the checks rather than the amount they actually withdrew from the banks. The face value of the 376 counterfeit checks deposited was $372,417.14, while the actual loss to the banks was $79,033.30. D.E. 16 at 7. Mr. Anderson and Mr. Stewart argue that the district court clearly erred by using the full face value calculation, but that general contention is foreclosed by our precedent in *Grant* and *Chukwura*. Their argument that the district court clearly erred because they never intended to obtain or use the full face value of the counterfeit checks also fails. First, the government presented sufficient evidence to show that they were likely to have continued withdrawing money had Mr. Anderson and Mr. Griffin (a co-conspirator) not been arrested soon after a majority of the checks were deposited. Second, Mr. Stewart and Mr. Anderson failed to present sufficient countervailing evidence. Accordingly, we affirm in this respect.

## II

We review for clear error a district court's factual finding that a defendant did not have a mitigating role in his offense. *See United States v. De Varon*, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc). The defendant "bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *Id.* at 939 (citations omitted).

The Sentencing Guidelines permit a district court to decrease a defendant's offense level by two if it finds the defendant was a "minor participant" in his criminal activity. *See* U.S.S.G. § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n.5). In determining whether a minor role reduction is warranted, a district court (1) "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing," and (2) "may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *De Varon*, 175 F.3d at 945. Relevant conduct is the "conduct attributed to the defendant in calculating [his] base offense level." *Id.* at 941. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." *Id.* at 944.

In determining whether to apply a mitigating role adjustment, the court should consider (1) "the degree to which the defendant understood the scope and structure of the criminal activity," (2) "the degree to which the defendant participated in planning or organizing the criminal activity," (3) "the degree to which the defendant exercised," or "influenced the exercise of[,] decision-making authority," (4) "the nature and extent of the defendant's participation in the . . . criminal activity," and

5

(5) "the degree to which the defendant stood to benefit from the criminal activity." § 3B1.2, comment. (n.3(C)).

Here, the district court did not err in declining to apply a mitigating role adjustment for Mr. Stewart because he failed to prove by a preponderance of the evidence that he was less culpable than the other members of the conspiracy. *See De Varon*, 175 F.3d at 939. The government produced evidence that Mr. Stewart (1) deposited checks by himself and with his co-conspirators, (2) withdrew funds from the ATMs, and (3) posted photos on social media holding wads of cash in a bank parking lot. D.E. 36 at 30. Furthermore, Mr. Stewart was seen entering and exiting the hotel rooms where Mr. Anderson and Mr. Griffin kept the counterfeit check production equipment, and his belongings were found in the hotel room after Mr. Anderson and Mr. Griffin were arrested. *Id*. at 30-31. Although Mr. Stewart was not responsible for as many counterfeit check deposits and withdrawals as Mr. Anderson and Mr. Griffin, this fact alone is not enough to carry his burden of proving that he was a minor participant in light of the other evidence against him. Considering these facts, we conclude that the district court did not clearly err in finding that Mr. Stewart was not eligible for a minor role reduction. Accordingly, we affirm in this respect as well.

## III

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it commits a clear error of judgment in considering appropriate sentencing factors. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). A defendant "bears the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded [to the] sentencing court." *Id.* "Although we do not automatically presume a sentence within the guidelines range is reasonable," we ordinarily expect such a sentence "to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (quoting *United States v. Talley,* 431 F.3d 784, 788 (11th Cir. 2005)). That a sentence is below the statutory maximum term of imprisonment is another indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, the district court did not make a clear error in judgment by focusing on Mr. Stewart's criminal history as an aggravating factor when determining his sentence. Mr. Stewart was 20 years old at the time of sentencing and had 14 criminal history points based on 8 juvenile convictions and 1 adult conviction. D.E. 36 at 33. At the time of his arrest, Mr. Stewart had adult charges for marijuana-possession, possession of a firearm by a delinquent, carrying a concealed firearm, and grand theft of a firearm. *Id.* The district court was well within its discretion to give weight to his lengthy criminal history. Moreover, even after considering Mr. Stewart's criminal history, the district court sentenced him to the lowest possible sentence within the guidelines range, well below the statutory maximum of 30 years' imprisonment, another indicator of reasonableness. *See Hunt*, 526 at 746; *Gonzalez*, 550 F.3d at 1324. Accordingly, we affirm.

## IV

The sentences of Mr. Stewart and Mr. Anderson are affirmed.

**AFFIRMED**.